**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| LAUREN DUNGY-POYTHRESS, M.D., ) | |
| ) | |
|   Plaintiff, ) | |
| ) | |
|     vs. ) | CAUSE NO. 1:13-cv-1391-WTL-TAB |
| ) | |
| COMMUNITY HEALTH NETWORK, INC., ) | |
| ) | |
|   Defendant. ) | |

**ENTRY ON PLAINTIFF'S MOTION TO REVIEW TAXATION OF COSTS OR, IN THE
ALTERNATIVE, VACATE THE TAXATION OF COSTS AND STAY
CONSIDERATION OF DEFENDANT'S BILL OF COSTS PENDING APPEAL**

This cause is before the Court on the Plaintiff's Motion to Review Taxation of Costs, or

in the alternative, Vacate the Taxation of Costs and Stay Consideration of Defendant's Bill of

Costs Pending Appeal (Dkt. No. 124). The Defendant has responded to this motion. *See* Dkt.

No. 131. The Court, being duly advised, **GRANTS IN PART** the Plaintiff's motion for the

reasons, and to the extent, set forth below.

On October 10, 2014, the Court granted summary judgment in favor of the Defendant,

Community Health Network, Inc. ("Community"), on Counts V, VI, and VII of the Plaintiff's

Third Amended Complaint; it dismissed without prejudice Counts I through IV. Community

subsequently filed a bill of costs for $27,153.66. Pursuant to Federal Rule of Civil Procedure

54(d), the Court taxed costs in this amount to Community. The Plaintiff, Dr. Dungy-Poythress,

filed the present motion within the seven-day time frame provided by Rule 54(d). Her objections

are addressed below.

Dr. Dungy-Poythress first argues that "Community should not recover costs for both

videotaping and stenographic transcription of the same four routine depositions." Dkt. No. 125 at

2.  Indeed, in its bill of costs, Community sought costs for both the videotaping and stenography of the depositions of Dr. Dungy-Poythress, Regina Medaris, Lita Jones, and Martina McMillon-Williams.  Dr. Dungy-Poythress argues that the videotaping was unnecessary and that recovering the costs for both the videotape and the transcript is excessive.

To begin, the Court notes that the Seventh Circuit has held "that the rule-makers intended to allow the costs of both video-recording and stenographic transcription to be taxed to the losing party." *Little v. Mitsubishi Motors N. Am., Inc.*, 514 F.3d 699, 702 (7th Cir. 2008).  Dr. Dungy-Poythress is correct, however, that these costs are allowed "provided that the party can show both are necessary and reasonable in the context of the case." *Trading Technologies Int'l, Inc. v. eSpeed, Inc.*, 750 F. Supp. 2d 962, 976 (N.D. Ill. 2010).  Community has explained that it videotaped Dr. Dungy-Poythress' deposition because it intended to play certain parts during trial, believing that seeing and hearing the deposition would be more impactful than simply reading portions of the transcript.  It further notes that it videotaped Medaris and McMillon-Williams' depositions because both women proved difficult to serve with a notice of deposition, *see* Dkt. No. 124-1, and it was afraid that they might become unavailable to testify at trial.  Finally, Community noted that during Jones' deposition, it played certain audio recordings; therefore, videotaping her deposition was necessary to capture the played recordings and her reactions to hearing them.  The Court finds these explanations sufficient to show that the videotapes of these depositions were necessarily obtained for use in the case.

Community also sought the cost of obtaining the videotape of Dr. Amy Whitsel's deposition, to which Dr. Dungy-Poythress objects.  It appears to the Court, however, that Dr. Dungy-Poythress videotaped Dr. Whitsel's deposition and Community simply sought a copy of that videotape.  As Community notes, it eventually terminated Dr. Whitsel's employment and

reasonably believed she could become a hostile witness. This is sufficient justification for obtaining a copy of the videotape. The Court thus finds the costs taxed with regard to these depositions to be warranted.

The same cannot be said, however, with regard to the $13,008.00 Community spent in obtaining transcripts of 107 recorded conversations. Dr. Dungy-Poythress and Jones secretly recorded conversations during their employment and eventually produced 107 recordings to Community during discovery. Community chose to have all 107 conversations transcribed. Seven of those recordings were submitted to the Court in support of Community's motion for summary judgment, *see* Dkt. Nos. 85 through 89; however, Community only relied on the partial transcripts of two conversations in its summary judgment motion. *See* Dkt. No. 83 at 6-7, 14.[1]

The Court agrees with Dr. Dungy-Poythress that the cost associated with transcribing all of these recordings is excessive. Indeed, "[s]ection 1920 authorizes costs to be awarded for stenographic transcripts only if the transcript is 'necessarily obtained for use in the case.'" *Little*, 514 F.3d 699, 702 (7th Cir. 2008) (quoting 28 U.S.C. § 1920(2)). Community's counsel could have listened to the conversations themselves—or, had their staff do so—in order to identify those conversations that contained pertinent information to the case; then, only those conversations could have been transcribed.[2] While Community notes that it did not have the assistance of Dr. Dungy-Poythress or Jones—who were present for all of these conversations— to provide identifications of voices, dates of conversations, pertinent context, etc., its client and

---

[1] Since only a fraction of the recordings—and transcripts—were used on summary judgment, the Court surmises that the vast majority of the secretly-recorded conversations were irrelevant to the issues in the case at bar. Community offers no evidence to the contrary.

[2] Community does not specifically identify which transcripts it used in support of its motion for summary judgment—or for any other case-related purpose—in its Bill of Costs and supporting exhibits or in its Response to the present motion.

its client's employees could have provided assistance in that regard if needed. The Court agrees with Dr. Dungy-Poythress that transcribing all 107 recorded conversations was not necessary for use in this case.

**Thus, the Plaintiff's motion (Dkt. No. 124) is GRANTED IN PART. Community's Bill of Costs—found in Dkt. No. 122—is reduced by $13,008.00. The Clerk shall tax costs to the Plaintiff in the amount of $14,145.66.**

SO ORDERED: 3/24/15

_William T. Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic notification